**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

GROCERY DELIVERY E-SERVICES )
USA, INC. d/b/a HELLOFRESH, )
                              )
           Plaintiff, )           Case No. 1:23-cv-01733
                              )
       v. )           Hon. Edmond Chang
                              )
TRANSPORT ALLIANCE, LLC, and DMG )           Magistrate Judge Sheila Finnegan
CONSULTING & DEVELOPMENT, INC. )
d/b/a GOLDCOAST LOGISTICS GROUP, )
                              )
           Defendants. )

**INITIAL STATUS REPORT**

Plaintiff GROCERY DELIVERY E-SERVICES USA INC. d/b/a HELLOFRESH ("HelloFresh"), by and through its attorneys, hereby submit this Initial Status Report pursuant to the Court's April 10, 2023 Minute Entry [DKT 6]. HelloFresh has attempted communication with both Defendants Transport Alliance, LLC ("TAL") and DMG Consulting & Development, Inc. d/b/a GoldCoast Logistics Group ("GoldCoast") (together "Defendants") prior to filing this lawsuit, and since filing, has not been able to speak with either Defendant about the contents of this Initial Status Report.

**I.      NATURE OF THE CASE**

     **A.      Attorneys of record for each party.**

- Counsel for Plaintiff Grocery Delivery E-Services USA, Inc. d/b/a HelloFresh ("HelloFresh" or "Plaintiff") is Claire Brennan and Kelly Mulrane (*pro hac vice* application forth coming) of the law firm of Benesch, Friedlander, Coplan & Aronoff LLP.

- Defendants have been served but neither have filed appearances.

**B.      Basis for federal jurisdiction.**

There are four bases for federal jurisdiction:

(1) The claims arise under federal law, and the transportation of the property at issue constitutes transportation in interstate commerce under 49 U.S.C. § 13102(14), (23) and 49 U.S. C. § 13501(1);

(2) The case is governed by the Carmack Amendment of the Interstate Commerce Act, 49 U.S. C. § 14706 (the "Carmack Amendment") because it concerns goods lost or damaged by a motor carrier during the interstate shipment of goods; and

(3) The matter in controversy for each receipt or bill of lading exceeds $10,000.00, exclusive of interest and costs this Court has original jurisdiction pursuant to 28 U.S.C. § 1337(a).

(4) This Court also has supplemental subject matter jurisdiction over Count II (breach of contract) and Count III (promissory estoppel) pursuant to 28 U.S.C. § 1367(a).

**C.      Nature of the claims asserted in the complaint.**

On or about June 26, 2022, GoldCoast agreed, pursuant to HelloFresh's and GoldCoast's contract (the "Contract"), to arrange for the transportation of HelloFresh meal kits (the "Cargo") from Irving, Texas to Romeoville, Illinois. GoldCoast engaged TAL to transport the Cargo by refrigerated truck, and TAL picked up the Cargo in good order and condition. During transit, TAL experienced a reefer breakdown and could not deliver the Cargo on time. As a result, the Cargo arrived at destination outside of the temperature control and food safety delivery window, rendering the Cargo unsafe for human consumption, and thus wholly damaged. HelloFresh was forced to reject and destroy the Cargo. GoldCoast, pursuant to the Contract, was required to procure risk cargo coverage with no exclusion for mechanical breakdown and breached the Contract by failing to enforce the indemnity provision. GoldCoast subsequently made an unambiguous promise to pay HelloFresh regarding the damaged Cargo after TAL refused to pay.

HelloFresh brings this action against GoldCoast and TAL to recover its loss resulting from the damaged Cargo. HelloFresh has alleged causes of action for (1) liability under the Carmack Amendment against TAL; (2) breach of contract against GoldCoast; and (3) promissory estoppel in the alternative against GoldCoast.

**D.      The major legal and factual issues in the case.**

HelloFresh represents that there are no major legal or factual issues in this case. TAL accepted the Cargo in good order and condition, acknowledged receipt of the same, and failed to deliver the Cargo to destination in good order and condition because the Cargo was outside of the specified and agreed upon temperature range and food safety delivery window. TAL is plainly liable under the Carmack Amendment. Moreover, GoldCoast, pursuant to the Contract, was required to procure risk cargo coverage with no exclusion for mechanical breakdown and breached the Contract by failing to enforce the indemnity provision. GoldCoast made an unambiguous promise to HelloFresh to pay for the damages to the Cargo caused by TAL after TAL refused to pay for the same.

**E.      The relief sought by the plaintiff.**

HelloFresh has sustained damages arising out of loss or damage to the Cargo in the principal amount of no less than Eighty-Six Thousand Four Hundred Forty-Eight Dollars and Ninety-Five Cents ($86,448.95), plus pre- and post-judgment interest and costs.

**II.      PENDING MOTIONS AND CASE PLAN**

**A.      Status of service of process on each defendant**

Defendants have been served, but neither has filed an appearance in this matter. GoldCoast was served on March 24, 2023 and its appearance and responsive pleading was due on April 14, 2023. TAL was served on April 12, 2023 and its appearance and responsive pleading is due on May 3, 2023.

**B.      All pending motions.**

None.

3

**C.     Discovery plan.**

Fact discovery will likely include requests for production of documents, interrogatories, requests to admit, and a limited number of depositions. Plaintiff also anticipates that expert discovery will be necessary.

**Proposed Schedule**

| Event | Deadline |
|---|---|
| Fed. R. Civ. P. 26(a)(1) Initial Disclosures | **May 15, 2023** |
| First Set of Written Discovery Requests | **June 12, 2023** |
| Completion of Fact Discovery | **October 16, 2023** |
| Disclosure of Plaintiff's Expert Report(s) | **November 22, 2023** |
| Deposition of Plaintiff's Expert(s) | **December 22, 2023** |
| Disclosure of Defendants' Expert Report(s) | **January 23, 2024** |
| Deposition of Defendants' Expert(s) | **February 23, 2024** |
| Dispositive Motions | **April 8, 2024** |

**D.     Jury trial request and length of trial**.

Plaintiff has requested a jury trial and does not anticipate trial lasting more than five (5) trial days.

**III.     CONSENT TO PROCEED BEFORE MAGISTRATE JUDGE**

Defendants have not yet appeared in this case and thus the parties have not unanimously consented to proceed before Magistrate Judge Sheila Finnegan.

## IV.     STATUS OF SETTLEMENT DISCUSSIONS

The parties have not engaged in any settlement discussions since the filing of this lawsuit. Plaintiff attempted to settle this dispute prior to filing, and hopes to resume settlement discussions with Defendants as soon as they file an appearance. No settlement conference is required at this time.

Dated: April 20, 2023                         Respectfully submitted,

**BENESCH, FRIEDLAND, COPLAN & ARONOFF**

*s/ Claire Brennan*
Claire Brennan
Kelly E. Mulrane (pro hac vice forthcoming)
71 South Wacker, Suite 1600
Chicago, Illinois 60606
Telephone:  (312) 624-6399
Email:  cebrennan@beneschlaw.com
Email: kmulrane@beneschlaw.com

*Attorneys for Plaintiff Grocery Delivery E-Services USA Inc. d/b/a HelloFresh*